The STATE of Ohio, Appellee,

v.

KAIGLER, Appellant.

[Cite as *State v. Kaigler,* 195 Ohio App.3d 756, 2011-Ohio-5304.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–10–1230.

Decided Oct. 14, 2011.

Julia R. Bates, Lucas County Prosecuting Attorney, and Kathryn J.T. Sandretto, Assistant Prosecuting Attorney, for appellee.

Tim A. Dugan, for appellant.

PIETRYKOWSKI, Judge.

{¶ 1} Desmond E. Kaigler, appellant, appeals his sentence in the Lucas County Court of Common Pleas on his conviction of attempted grand theft, a violation of

R.C. 2923.02 and 2913.02(A)(1) and (B)(2) and a fifth-degree felony. Appellant pleaded no contest to the offense. In a judgment filed on July 23, 2010, the court sentenced appellant to imprisonment for 12 months, the statutory maximum prison term for the offense. R.C. 2929.14(A)(5). The trial court also ordered the sentence to be served consecutively to a prison term that appellant was serving at the time of sentencing for two felony convictions in the Marion County Court of Common Pleas.

{¶ 2} Kaigler asserts two assignments of error on appeal:

{¶ 3} "Assignments of Error

{¶ 4} "(1) The trial court imposed a sentence contrary to law.

{¶ 5} "(2) The trial court abused its discretion in sentencing appellant to maximum consecutive sentences."

{¶ 6} Under assignment of error No. 1, appellant argues that the United States Supreme Court established the constitutionality of state requirements for judicial fact-finding before imposition of consecutive sentences in the decision of *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517. Appellant argues that the decision in *Ice* conflicts with the Ohio Supreme Court's decision in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, and that after *Ice*, Ohio statutory requirements for such fact-finding, invalidated by *Foster*, should be enforced. R.C. 2929.14(E)(4) and 2929.41(A) required judicial fact-finding before imposition of consecutive sentences prior to *Foster*.

{¶ 7} Appellant made this argument in an appellate brief filed before the Ohio Supreme Court addressed the issue in *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768. The Ohio Supreme Court considered and rejected appellant's argument in *Hodge*. At paragraphs two and three of the syllabus in the decision, the court held:

{¶ 8} "2. The United States Supreme Court's decision in *Oregon v. Ice* (2009), 555 U.S. 160, 129 S.Ct. 711, 172 L.Ed.2d 517, does not revive Ohio's former consecutive-sentencing statutory provisions, R.C. 2929.14(E)(4) and 2929.41(A), which were held unconstitutional in *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470.

{¶ 9} "3. Trial court judges are not obligated to engage in judicial fact-finding prior to imposing consecutive sentences unless the General Assembly enacts new legislation requiring that findings be made."

{¶ 10} Accordingly, we find that appellant's assignment of error No. 1 is not well taken.

{¶ 11} Under assignment of error No. 2, appellant argues that the trial court's imposition of a maximum and consecutive sentence is unreasonable and an abuse of discretion.

{¶ 12} Appellant pleaded no contest to attempted grand theft on July 6, 2010. The state contended at the plea hearing that if the case against appellant had proceeded to trial, the evidence would have established that appellant and the codefendant engaged in a scheme to steal merchandise from Meijer stores across Ohio and Michigan. In this case, the state contends that a conviction for attempted grand theft is supported by evidence that the two went into a Meijer store in Lucas County, Ohio, and broke into a jewelry case to steal jewelry valued at $59,189.89. According to the state, appellant's convictions in Marion County were for similar behavior.

{¶ 13} Appellant was originally indicted for grand theft, a violation of R.C. 2913.02(A)(1) and (B)(2). He pleaded and was convicted of a lesser included offense of attempted grand theft, a violation of R.C. 2923.02 and 2913.02(A)(1) and (B)(2).

{¶ 14} Appellant contends that the trial court abused its discretion by imposing a maximum sentence and ordering that it be served consecutively to sentences for two felony convictions in Marion County. Appellant states that his criminal history is limited and nonviolent in nature in that his two felony convictions arose out of criminal activities occurring during a single event.

{¶ 15} In *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26, the Ohio Supreme Court set forth the standard of review on appeal of felony sentencing. Appellate courts "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law. If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard." Id.

{¶ 16} We addressed appellant's sole contention that his sentence is contrary to law under assignment of error No. 1. Under assignment of error No. 2, appellant claims abuse of discretion. An abuse of discretion " 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 404 N.E.2d 144.

{¶ 17} After *Foster*, trial courts remain required to "carefully consider the statutes that apply to every felony case. Those include R.C. 2929.11, which specifies the purposes of sentencing, and R.C. 2929.12, which provides guidance in considering factors relating to the seriousness of the offense and recidivism of the offender. In addition, the sentencing court must be guided by statutes that are

specific to the case itself." *State v. Mathis*, 109 Ohio St.3d 54, 2006-Ohio-855, 846 N.E.2d 1, ¶ 38.

{¶ 18} At the time of sentencing, appellant was 21 years of age. At the sentencing hearing, the trial court discussed the fact that there was an outstanding warrant for appellant's arrest in the state of Michigan and that appellant was serving a sentence for two felony convictions by judgment of the Marion County Court of Common Pleas. The court stated that it had considered the principles and purposes of sentencing under R.C. 2929.11 and had balanced seriousness and recidivism factors under R.C. 2929.12 in determining sentence. The sentence imposed was within the statutory range for fifth-degree felony convictions. R.C. 2929.14(A)(5).

{¶ 19} This conviction and the Marion felony convictions demonstrate that appellant has engaged in a serious criminal enterprise involving crimes in different jurisdictions during the short period of time he has been an adult. In our view, the trial court acted within its discretion in sentencing appellant to 12 months' imprisonment for attempted grand theft and in ordering that the sentence run consecutively to felony sentences imposed by the Marion County Court of Common Pleas.

{¶ 20} We find that appellant's assignment of error No. 2 is not well taken.

{¶ 21} We conclude that appellant has not been denied a fair trial and affirm the judgment of the Lucas County Court of Common Pleas. Pursuant to App.R. 24(A), we order appellant to pay the costs of this appeal.

Judgment affirmed.

OSOWIK, P.J., and SINGER, J., concur.